## Gaus *v.* Bleiman and Bleiman.

*Judgments—Open judgments—Discretion of court—Refusal of the rule to open judgment and reassess damages in an action of scire facias sur mortgage.*

The action of the lower court, discharging a rule to open a judgment, will not be reversed in the absence of proof of abuse of judicial discretion.

Where it appears that at the time foreclosure proceedings were instituted, an adjustment was made in writing between the parties, and the balance due on the mortgage agreed upon, and the evidence to the contrary is neither satisfying nor definite, the action of the court below, in refusing to open the judgment, is entirely justified.

Argued October 3, 1923. Appeal, No. 50, Oct. T., 1923, by defendants, from order of C. P. No. 3, Phila. Co., Sept. T., 1920, No. 6486, discharging rule to open judgment in the case of Charles Gaus v. Louis Bleiman and Yetta Bleiman. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to open judgment entered on a bond and warrant accompanying a mortgage. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendants appealed.

*E. E. Dicker,* for appellants.

*J. Washington Logue,* and with him *Julias C. Haas,* for appellee.

OPINION BY KELLER, J., November 19, 1923:

In passing upon the defendants' application to open the judgment and reassess the damages in this scire facias sur mortgage, the learned judge of the court below said: "The mortgage was created in 1910 and in 1913 foreclosure proceedings were instituted. At that time an adjustment was made in writing under which it was agreed between the parties that the balance then due upon the mortgage was $1,793.25......The agreement also provided that the plaintiff was to collect the rents and apply the same to the payment of taxes and other charges, together with interest and installments on the mortgage.

"The contention of the defendants is that when the mortgage was originally made a certain sum was not actually paid, and as to that and as to certain amounts due for taxes a credit should be allowed. The evidence upon these matters is not satisfactory nor definite. The defendants were represented by counsel at the time the adjustment was made, and any defense they had with reference to the amount actually paid them ought to have been made at that time. In addition it may be said that the amount agreed upon appears to be the result of a compromise, with no details showing how the results were arrived at. The matter cannot be opened now."

The learned judge was, in our opinion, fully justified in making this statement of the case and hence was guilty of no abuse of discretion in discharging defendants' rule.

The order is affirmed at the costs of the appellants.